FANNING, Appellant, v. LEVISTON et al., Respondents.

## No. 7775; May 30, 1883.

**Street Law.—The Grade of Vallejo Street,** in the city of San Francisco, between Montgomery and Kearny streets has been legally established.

APPEAL from Superior Court, San Francisco.

J. M. Wood for appellant; Wm. Leviston for respondents.

McKEE, J.—Action to foreclose a street assessment in San Francisco, for the grading of Vallejo street, on "Telegraph Hill," from Montgomery to Kearny.

Upon one of the issues raised by the pleadings the court found that the grade of the street had never been officially established; and the only question discussed on the appeal is that this finding is not sustained by the evidence.

It was proved by evidence, in which there was no conflict, that in the year 1854 a board of engineers reported in writing to the common council of the city of San Francisco grades for all the streets of the city, with reference to a basis which had been fixed and adopted by the council in the year 1853.   The common council adopted the report, and by Ordinance No. 608 it was ordained that the grades, as specifically defined by the report, be the permanent grades of the streets of the city. That part of the ordinance which relates to the grade and intermediate grades of Vallejo street is as follows:

"Montgomery and Vallejo streets, one hundred and fifteen feet above base.

"Kearny and Vallejo streets, one hundred and forty-two feet above base.

"Montgomery and Greenwich streets, one hundred and thirty feet above base.

"Kearny and Greenwich streets, two hundred and thirty feet above base.

"Second and Townsend, thirty feet above base.

"Third and Townsend, thirty feet above base. . . . .

"Grades of points of streets intermediate between crossings.

"On Townsend street, 265 feet west of Second street, between Second and Third streets, 68 feet over base.

"On Townsend street, 285 feet west of Second street, 68 feet above base.

"On Greenwich street, between Dupont and Kearny, 137 feet 6 inches east of Dupont, 162 feet above base.

"On Greenwich street, between Dupont and Kearny, 68 feet 9 inches west of Kearny, 206 feet above base."

Accompanying the report of the engineers were certain profiles, on which were drawn lines of the grades of the streets, and marked figures of the height of the grades from the base; and the profiles as part of the report were incorporated into the ordinance. But the profile of the grade of Vallejo street shows that the blue line indicating the grade was not continued from Montgomery to Kearny street. A break occurs in the line between those intermediate streets, and instead of the blue line of the grade there is given a dotted line, which is explained by a note to the report incorporated in the ordinance, as follows:

"NOTE.—On the official profile, where dotted lines occur (in blue), or surface lines are left, the grade defers to the surface."

Upon this it is contended that there was no grade reported or established on Vallejo street between Montgomery and Kearny.

But the figures of the profile at the ends of the dotted line represented the heights of the grade of the street from the base of the city, and the dotted line represented the grade line from Montgomery to Kearny, as the surface or middle line of the street. In other words, the grade of Vallejo street

from Montgomery to Kearny, along the dotted line, "defers to the surface." The natural surface of the hill at those points corresponding to the heights of the grade at the same points above the base of the city, and the level of the surface indicated by the points and the figures was the line of the grade. To that level it might have been necessary, in grading the street, to cut down the hill on one side and fill up on the other.

It follows, when the city adopted the profiles accompanying the report of the board of engineers, which was incorporated in Ordinance No. 608, and ordained that the grades, as specifically defined in the report, should be the permanent grades of the streets of the city, that the grade of the street in question was officially established.

Judgment and order reversed and cause remanded.

I concur: Ross, J.

I concur in the judgment: McKinstry, J.